Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Fax: (408) 369-0752
pgore@prattattorneys.com

Darren L. Brown *(pro hac vice)* (TX SBN 03108350)
PROVOST ✭ UMPHREY LAW FIRM
490 Park Street
Beaumont, TX 77701
Telephone: (409) 838-8881
Fax: (409) 813-8630

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK MORGAN and JANET HOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALLABY YOGURT COMPANY, INC.,<br><br>Defendant. | Case No. 13-0296-CW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Hearing Date: July 11, 2013<br>Time: 2:00 p.m.<br>Judge: Hon. Claudia Wilken<br>Action Filed: January 22, 2013 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
REQUEST FOR JUDICAL NOTICE**

I.  **INTRODUCTION**

Plaintiffs oppose Defendant's Request for Judicial Notice in Support of Defendant's Motion to Dismiss ("Request") on the grounds that the documents they seek to judicially notice do not remotely satisfy the strict prerequisites contained in Rule 201 of the Federal Rules of Evidence: the information is not generally known, and it is not capable of accurate determination by sources whose accuracy cannot be reasonably questioned, nor is the information contained therein "immediately ascertainable by resort to sources of reasonably indisputable accuracy," as required under California law.  *See* Evid. Code §452(h); *Lockley v. Law Office of Cantrell, Green, Pekich, Ruz & McCort*, 91 Cal. App. 4th 875, 882 (2001); Jefferson, Cal. Evidence Benchbook, Judicial Notice §49.5 (4th ed. 2009).  Defendant's Request should be denied because (1) the facts underlying the exhibits are not suitable for judicial notice, (2) they are not reasonably beyond dispute, (3) even if judicially noticeable or otherwise provable, these facts are irrelevant.

Federal Rule of Evidence 201, which governs judicial notice, provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b). Where factual findings or the contents of the documents are in dispute, those matters of dispute are not appropriate for judicial notice. *See Darensburg v. Metropolitan Transp. Comm'n,* 2006 WL 167657, *2 (N.D. Cal., Jan. 20, 2006) (citing *Del Puerto Water Dist v. U.S. Bureau of Reclamation* 271 F. Supp. 2d 1224, 1234 (E.D. Cal., 2003).

Defendant's Request misconstrues the nature and purpose of "judicial notice" under Federal Rule of Evidence 201.  "The Rule was intended to obviate the need for formal fact-finding as to certain facts that are *undisputed and easily verified*." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (emphasis added).  The Ninth Circuit "tends to be strict with its application of

Rule 201(b)." *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1311.  The rule is characterized by "[a] high degree of indisputability [as] the essential prerequisite to taking judicial notice of adjudicative facts."  Advisory Committee Notes to Fed. R. Evid. 201 (a) & (b).  "Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b))."  *Rivera v. Philip Morris, Inc.,* 395 F. 3d 1142, 1151 (9th Cir. 2005).  "As Rule 201(b) teaches, judges may not defenestrate established evidentiary processes, thereby rendering inoperative the standard mechanisms of proof and scrutiny [through judicial notice], if the evidence is at all vulnerable to reasonable dispute."  *Lussier v. Runyon*, 50 F. 3d 1103, 1115 (1st Cir. 1995).

## II.     ANALYSIS

Defendant's request judicial notice of two general categories of documents:  (1)  Defendant's own label "Proofs" (Exhibits 1-3);  (2) Letters *to* FDA from *non-parties* (Exhibits 4-5).  The proffered exhibits fall far beyond the bounds of what is appropriate for judicial notice, and notably, for each of the exhibits presented, Defendant fails to allege which specific facts contained therein are actually beyond dispute and subject to judicial notice.  As the information is either not beyond reasonable dispute, actually disputed, or irrelevant, it cannot serve as a piece of uncontested *evidence* to be considered at this stage of litigation, which is what Defendant seeks to do with this Request.

## III.    PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE EXHIBIT 1

Plaintiffs object to Defendant's Request for Judicial Notice Exhibit 1 on the basis and to the extent that Exhibit 1 is not the actual label of the Wallaby Organic Vanilla Low Fat Yogurt, 6 oz. size of the type purchased by Plaintiffs.  Instead, it is a label "proof" for the 32 oz container of said vanilla product.  Plaintiffs further object to Exhibit 1 in that ingredients statement of this 32 oz. label "proof" contains "organic cane sugar" which is different from the 6 oz label of Wallaby's Organic Low Fat Yogurt Vanilla flavor which list the ingredient "evaporated cane juice".

Finally, Plaintiffs object to Defendant's Request for Judicial Notice of Exhibit 1 in that it

does not indicate the date or time period, if any, that said label "proof" was actually used on any container of Wallaby Organic Low Fat Vanilla Yogurt.

## IV. PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE EXHIBIT 1

Plaintiffs object to Defendant's Request for Judicial Notice of Exhibit 2 on the basis that said exhibit is not the actual label on any container of Wallaby Organic Vanilla Low Fat Yogurt, Strawberry flavor. Instead, it is a label "proof". Plaintiffs further object that it is impossible to determine when, if ever, said label proof was actually used on any container of Wallaby Yogurt.

## V. PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICAL NOTICE EXHIBIT 3

Plaintiffs object to Defendant's Request for Judicial Notice of Exhibit 3 on the basis that said exhibit is not the actual label on any container of Wallaby Organic Vanilla Low Fat Yogurt, Blackberry flavor. Instead, it is a label "proof". Plaintiffs further object that it is impossible to determine when, if ever, said label proof was actually used on any container of Wallaby Yogurt.

## VI. PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICAL NOTICE EXHIBIT 4 and 5

Plaintiffs object to Defendant's Request for Judicial Notice of Exhibit 4 and 5 on the basis that what Defendant calls "official comments" are not comments of the FDA and are not a part of the FDA Draft Guidance. They are comments received from the public—mostly from the food industry complaining about the FDA's interpretations of its own regulations—and are not in any sense an official statement from the FDA. These comments are not a proper subject of judicial notice. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). While the Court could take judicial notice of the fact that comments were filed, the contents of those comments are not judicially noticeable because they do not come from sources whose accuracy cannot reasonably be questioned. "Facts that are subject to dispute are properly denied judicial notice even if they appear in government reports and other government documents." 1-201 WEINSTEIN'S

F<small>EDERAL</small> E<small>VIDENCE</small> § 201.13(1)(c). Defendant asserts that letters *to* the FDA are proper subjects of judicial notice based on cases taking judicial notice of letters *from* a federal agency. *See Batwin v. Occam Networks, Inc.*, No. CV 07-2750 CAS (SHx), 2008 U.S. Dist. LEXIS 52365 at *5 n.3 (C.D. Cal. July 1, 2008) (taking judicial notice of a correspondence letter from the SEC to defense counsel); *Jones*, 2012 U.S. Dist. LEXIS 178352 at *24 n.6 (taking judicial notice of letter from the FDA). As the court said in *Batwin*, the truth of the contents of documents filed with the agency is not a proper subject for judicial notice. *See Batwin*, 2008 U.S. Dist. LEXIS 52365 at *5 n.3 (refusing to take judicial notice of truth of contents of SEC filings). Since the comments are offered for no their purpose than their truth, they are not judicially noticeable and not relevant.

## VII. CONCLUSION

The Court should deny Defendant's request for judicial notice pursuant to Federal Rule of Evidence 201.

Dated:  May 22, 2013.

Respectfully submitted,

 /s/ *Darren L. Brown*
Darren L. Brown (*pro hac vice*)
PROVOST UMPHREY LAW FIRM, LLP
490 Park Street
Beaumont, TX 77704
(409/838-8881
dbrown@pulf.com
Texas Bar No. 03108350

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on May 22, 2013, filed and served through the Court's ECF system a true and correct copy of the foregoing.

                                       /s/ *Darren L. Brown*
                                       Darren L. Brown (*pro hac vice*)