Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Fax: (408) 369-0752
pgore@prattattorneys.com

Darren L. Brown *(pro hac vice)* (TX SBN 03108350)
PROVOST ✯ UMPHREY LAW FIRM
490 Park Street
Beaumont, TX 77701
Telephone: (409) 838-8881
Fax: (409) 813-8630
dbrown@pulf.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FRANK MORGAN and JANET HOOD, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WALLABY YOGURT COMPANY, INC.,

Defendant.

Case No. 13-0296-WHO

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**

| | |
|---|---|
| Hearing Date: | February 12, 2014 |
| Time: | 2:00 p.m. |
| Judge: | Hon. William H. Orrick |
| Action Filed: | January 22, 2013 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICAL NOTICE**

## I. INTRODUCTION

Plaintiffs oppose Defendant's Request for Judicial Notice in Support of Defendant's Motion to Dismiss ("Request") on the grounds that the documents they seek to judicially notice do not remotely satisfy the strict prerequisites contained in Rule 201 of the Federal Rules of Evidence: the information is not generally known, and it is not capable of accurate determination by sources whose accuracy cannot be reasonably questioned, nor is the information contained therein "immediately ascertainable by resort to sources of reasonably indisputable accuracy," as required under California law. *See* Evid. Code §452(h); *Lockley v. Law Office of Cantrell, Green, Pekich, Ruz & McCort*, 91 Cal. App. 4th 875, 882 (2001); Jefferson, Cal. Evidence Benchbook, Judicial Notice §49.5 (4th ed. 2009). Defendant's Request should be denied because (1) the facts underlying the exhibits are not suitable for judicial notice, (2) they are not reasonably beyond dispute, (3) even if judicially noticeable or otherwise provable, these facts are irrelevant.

Federal Rule of Evidence 201, which governs judicial notice, provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Where factual findings or the contents of the documents are in dispute, those matters of dispute are not appropriate for judicial notice. *See Darensburg v. Metropolitan Transp. Comm'n,* 2006 WL 167657, *2 (N.D. Cal., Jan. 20, 2006) (citing *Del Puerto Water Dist v. U.S. Bureau of Reclamation* 271 F. Supp. 2d 1224, 1234 (E.D. Cal., 2003).

Defendant's Request misconstrues the nature and purpose of "judicial notice" under Federal Rule of Evidence 201. "The Rule was intended to obviate the need for formal fact-finding as to

certain facts that are *undisputed and easily verified*." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (emphasis added). The Ninth Circuit "tends to be strict with its application of Rule 201(b)." *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1311. The rule is characterized by "[a] high degree of indisputability [as] the essential prerequisite to taking judicial notice of adjudicative facts." Advisory Committee Notes to Fed. R. Evid. 201 (a) & (b). "Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b))." *Rivera v. Philip Morris, Inc.,* 395 F. 3d 1142, 1151 (9th Cir. 2005). "As Rule 201(b) teaches, judges may not defenestrate established evidentiary processes, thereby rendering inoperative the standard mechanisms of proof and scrutiny [through judicial notice], if the evidence is at all vulnerable to reasonable dispute." *Lussier v. Runyon*, 50 F. 3d 1103, 1115 (1st Cir. 1995).

## II. <u>ANALYSIS</u>

Defendant's request judicial notice of four general categories of documents: (1) Labels of other companies who are not a Defendant in this case (Exhibits A-F); (2) Unverified, unauthenticated printouts of information allegedly filed by a federal agency (G-J,N); (3) Letters *to* FDA from *non-parties* (Exhibits K and L). The proffered exhibits fall far beyond the bounds of what is appropriate for judicial notice, and notably, for each of the exhibits presented, Defendant fails to allege which specific facts contained therein are actually beyond dispute and subject to judicial notice. As the information is either not beyond reasonable dispute, actually disputed, or irrelevant, it cannot serve as a piece of uncontested *evidence* to be considered at this stage of litigation, which is what Defendant seeks to do with this Request. Further, Defendant has failed to authenticate or provide any sworn declaration in support of any of the exhibits it requests judicial notice for.

## III. PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE EXHIBITS A-G

The Court should refuse to take notice of Defendant's Request for Judicial Notice Exhibits A-F as they are unauthenticated labels of other companies' products that, some of which, at one time used the illegal term "evaporated cane juice". While Court's routinely take judicial notice of a Defendant's own labels in said alleging labeling violations, Defendants request this Court to take judicial notice of labels of other, non-defendant yogurt companies and other companies who use the false and misleading ingredient term "evaporated cane juice". First, there is no evidence or declaration from any source that authenticates these labels as the actual labels currently used or ever used by any of these companies. Defendant's Request for Judicial Notice should be denied on this basis alone. Furthermore, the fact that these labels were allegedly filed in other federal court's cases does not render the contents of the label judicially noticeable in this case. Since there is no way for this Court to determine when, if ever, any of these labels were actually in use or whether any company has changed its labels to remove the false and misleading ecj ingredient, Defendant's request that this Court take judicial notice of Exhibits A-F should be denied.

## IV. PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICAL NOTICE EXHIBIT K-M

Plaintiffs object to Defendant's Request for Judicial Notice of Exhibit K, L and M on the basis that what Defendant calls "official comments" are not comments of the FDA and are not a part of the FDA Draft Guidance. They are comments received from the public—mostly from the food industry complaining about the FDA's interpretations of its own regulations—and are not in any sense an official statement from the FDA. These comments are not a proper subject of judicial notice. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). While the Court could take judicial notice of the fact that comments were filed, the contents of those comments are not judicially noticeable because they do not come from sources whose accuracy

cannot reasonably be questioned. "Facts that are subject to dispute are properly denied judicial notice even if they appear in government reports and other government documents." 1-201 WEINSTEIN'S FEDERAL EVIDENCE § 201.13(1)(c). Defendant asserts that letters *to* the FDA are proper subjects of judicial notice based on cases taking judicial notice of letters *from* a federal agency. *See Batwin v. Occam Networks, Inc.*, No. CV 07-2750 CAS (SHx), 2008 U.S. Dist. LEXIS 52365 at *5 n.3 (C.D. Cal. July 1, 2008) (taking judicial notice of a correspondence letter from the SEC to defense counsel); *Jones*, 2012 U.S. Dist. LEXIS 178352 at *24 n.6 (taking judicial notice of letter from the FDA). As the court said in *Batwin*, the truth of the contents of documents filed with the agency is not a proper subject for judicial notice. *See Batwin*, 2008 U.S. Dist. LEXIS 52365 at *5 n.3 (refusing to take judicial notice of truth of contents of SEC filings). Since the comments are offered for no other purpose than their truth, they are not judicially noticeable and not relevant.

Further, Exhibits K and L, are public comments received by the FDA regarding the 2009 Draft Guidance. In the Court's ruling on Defendant's previous motion to dismiss, the Court took judicial notice of comments submitted to the FDA regarding the 2009 Draft Guidance over the Plaintiffs' objection. *See* Doc. 4 at n2. Plaintiffs recognize that the Court has made its ruling, but Plaintiffs would point out that records of an administrative body are judicially noticeable only to the extent the facts noticed are not subject to reasonable dispute. *See Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). The fact that the comments were submitted may not be subject to reasonable dispute, but the facts alleged in contents are, and are not judicially noticeable. *See Perretta v. Prometheus Dev. Co.*, No. C 05-02987 WHA, 2005 U.S. Dist. LEXIS 38729 at *5-6 (N.D. Cal. Dec. 15, 2005); *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Plaintiffs would therefore object to the Court taking judicial notice of anything beyond the fact that certain non-parties have made statements to the FDA which may or may not be true. The contents of the comments are not facts generally known within this district, and do not

constitute facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* FED. R. EVID. 201(b).

## V. PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICAL NOTICE EXHIBIT G-I

Exhibits G-I to Defendant's request for judicial notice, the registration of trademarks including "cane juice evaporated" or "evaporated cane juice," are likewise the action of an agency that does not have regulatory authority over food labeling. Moreover, if anything, the USPTO's acceptance of "evaporated cane juice" as a registered word mark, would indicate that it is not the common or usual name of the ingredient because if ECJ were "merely descriptive" of a food ingredient, it would not be properly registerable as a trademark. 15 U.S.C. § 1502(e)(1). The U.S. P.T.O is not charged with enforcing the FDCA or parallel California law.

## VI. PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICAL NOTICE EXHIBIT J

Exhibit J to Defendant's request for judicial notice lists information reported to the National Organic Program by food manufacturers, and is concerned with the use of the word "organic" under the Organic Food Production Act, not food ingredient labeling under the FDCA.

## VII. PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICAL NOTICE EXHIBIT M

Exhibit M to Defendant's request for judicial notice is the Joint FAO/WHO Food Standards Programme's Codex Alimentarius Commission's "Request for Comments on the Proposed Draft Standard for Non-Centrifugated Dehydrated Sugar Cane Juice." This document, which relates to a completely different product, does not help Defendant's case.

First, the food at issue there bears little resemblance to the ingredient that Defendant calls ECJ. ECJ is "sucrose" as defined in 21 C.F.R. § 184.1854. *See* FAC ¶¶ 17, 43. Rather, "non-centrifugated dehydrated sugar cane juice" is the product "evaporated cane juice" pretends to be—essentially dried sugar cane "juice." As opposed to the ingredient labeled as "evaporated cane juice,"

which it a 99% sucrose product that is only slightly less refined than plain white sugar and is insignificantly different nutritionally from plain white sugar, "non-centrifugated dehydrated sugar cane juice," as described in Exhibit M, is unrefined and with "a maximum total sugar (saccharose) content of 83%." *See* Doc. 37-1 at 44. While ECJ is highly refined product with almost all of the non–sucrose component s to the "juice" stripped away, "non-centrifugated dehydrated sugar cane juice," on the other hand, "maintains its constituent elements," including minerals. Def. Exh. M, Annex 1, ¶¶3, 3.2.4. While the granulated version is allowed a higher sugar content (maximum of 93% for the granulated variety), it is still a far cry from the refined 99% sucrose product that Defendant palms off as ECJ.

Second, Defendant has not shown that the UN or the WHO, or the unidentified United States commenters are in any way involved with U.S. food labeling regulations, and, in any event, it does not purport to be the common or usual name of the product. *See* Def. Exh. M, Annex 1, ¶ 7.1.1.

Finally, "non-centrifugated dehydrated sugar cane juice" has the word "sugar" in the name.

## VIII. CONCLUSION

The Court should deny Defendant's request for judicial notice pursuant to Federal Rule of Evidence 201.

Dated: January 17, 2014.

Respectfully submitted,

*/s/ Darren L. Brown*

Darren L. Brown (*pro hac vice*) (TX Bar 03108350)
PROVOST UMPHREY LAW FIRM, LLP
490 Park Street
Beaumont, TX 77704
(409/838-8881
dbrown@pulf.com

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Fax: (408) 369-0752
pgore@prattattorneys.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on January 17, 2014, filed and served through the Court's ECF system a true and correct copy of the foregoing.

/s/ *Darren L. Brown*
Darren L. Brown (*pro hac vice*)