UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANK MORGAN, et al.,

　　　　　Plaintiffs,

　　v.

WALLABY YOGURT COMPANY, INC.,

　　　　　Defendant.

Case No. 13-cv-00296-JD

**ORDER RE STAY AND SETTING STATUS CONFERENCE**

In this consumer class action, plaintiffs challenge defendant Wallaby Yogurt Company, Inc.'s use of the term "evaporated cane juice" (ECJ) -- instead of "sugar" or a similar term -- on its labels listing the ingredients of its food products. Dkt. No. 35. The complaint cited a draft guidance letter issued by the Food and Drug Administration ("FDA") in October 2009, titled "Guidance for Industry: Ingredients Declared as Evaporated Cane Juice, Draft Guidance." *See*, *e.g.*, *id*. ¶¶ 39-48. Plaintiffs allege that "Wallaby has actual knowledge of this FDA Guidance Letter and the fact that the FDA considers the use of 'evaporated cane juice' to be false and misleading . . . ." *Id*. ¶ 42.

On March 5, 2014, after the filing of the operative complaint in this case, the FDA issued a notice titled "Draft Guidance for Industry on Ingredients Declared as Evaporated Cane Juice; Reopening of Comment Period; Requests for Comments, Data, and Information." Dkt. No. 64 at 3. That FDA notice reopened the comment period for the previous October 2009 draft guidance on ECJ, and stated that the FDA intends to "revise the draft guidance" and "issue it in final form" after reviewing the comments received. *Id*. at 4. On that basis, defendant requested that the Court dismiss or stay plaintiffs' claims pursuant to the primary jurisdiction doctrine, *id*. at vi, and the Court granted that request and stayed the case. Dkt. Nos. 72, 73.

The Court solicited comments from the parties, however, after learning that the FDA stated in July 2015 that while it is "actively working on a final guidance" to address the ECJ issue, it "cannot commit to issuing a decision within 180 days," and that it instead "currently anticipates that a final guidance will issue before the end of 2016." Dkt. No. 73. In response to the Court's inquiry, the parties filed statements addressing whether a continued stay is appropriate in light of that letter. Dkt. Nos. 74, 75.

This case is old and aging fast, and the Court is concerned about delay from extending an open-ended stay. But the Court finds that, by a slight measure, it is appropriate to continue the stay on the basis of the primary jurisdiction doctrine, at least for the near term. "Primary jurisdiction is a prudential doctrine that permits courts to determine 'that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch.'" *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 760 (9th Cir. 2015). In *Astiana*, our Circuit observed that "[w]ithout doubt, defining what is 'natural' for cosmetics labeling is both an area within the FDA's expertise and a question not yet addressed by the agency." *Id*. Deciding whether and when the term "evaporated cane juice" can properly be used on a food label is an issue within the FDA's expertise, and it is a question that the FDA is expressly and "actively" considering and as to which it anticipates issuing a final guidance within the next 14 months or so. This is a situation where "agency expertise would be helpful," and not one in which "the agency is aware of but has expressed no interest in the subject matter of the litigation." *Id*. at 761.[1]

The Court is very mindful that "courts must also consider whether invoking primary jurisdiction would needlessly delay the resolution of claims." *Astiana*, 783 F.3d at 760.

---

[1] For this reason, the Court finds distinguishable the main case relied on by plaintiffs, *Reid v. Johnson & Johnson*, 780 F.3d 952 (9th Cir. 2015). *See* Dkt. No. 74. In that case -- where "No Trans Fat" statements and "plant stanol ester-based health claims" were at issue -- our Circuit found that the district court had properly declined to dismiss or stay pursuant to the primary jurisdiction doctrine where, regarding plant stanol esters, there was "already an interim final rule on the books" and it had been "over a decade since the FDA indicated that it would issue a new final plant stanol esters rule." 780 F.3d at 966. Similarly, there was "no indication that the FDA is contemplating authorizing 'No Trans Fat' statements." *Id*. at 967. Those circumstances contrast starkly with the ones here.

United States District Court
Northern District of California

"'[E]fficiency' is the 'deciding factor' in whether to invoke primary jurisdiction," and "primary jurisdiction is not required when a referral to the agency would significantly postpone a ruling that a court is otherwise competent to make." *Id*. at 760-61. Consequently, the Court sets a status conference for January 13, 2016, at 1:30 p.m. The parties are to submit a joint status report by January 6, 2016, updating the Court on the status of the FDA's action and the parties' respective positions regarding the continuation of the stay in this case. The Court will lift the stay if it appears the FDA is not moving forward on this issue or is unlikely to meet its "end of 2016" target timeframe for issuing a final guidance.

**IT IS SO ORDERED.**

Dated: October 14, 2015

_____
JAMES DONATO
United States District Judge