Angela C. Agrusa (SBN 131337)
  aagrusa@linerlaw.com
Wendy S. Dowse (SBN 261224)
  wdowse@linerlaw.com
Nathan M. Davis (SBN 287452)
  ndavis@linerlaw.com
LINER LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3518
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

Attorneys for Defendant
Wallaby Yogurt Company, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK MORGAN and JANET HOOD, individually and on behalf of all others similarly situated,, <br><br> Plaintiffs, <br><br> vs. <br><br> WALLABY YOGURT COMPANY, INC., <br><br> Defendant. | Case No. CV 13-00296-JD <br><br> **NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WALLABY YOGURT CO., INC.'S MOTION TO STAY** <br><br> Date: July 13, 2016 <br> Time: 10:00 a.m. <br> Crtrm.: 11, 19th Floor <br><br> The Hon. James Donato <br><br> Action Filed: January 22, 2013 |

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024.3518

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on July 13, 2016, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, Courtroom 11, 19th Floor, San Francisco, CA 94102, before the Honorable James Donato, defendant Wallaby Yogurt Company, Inc. ("Wallaby") will and hereby does move for an order staying this case pending the United States Court of Appeals for the Ninth Circuit's resolutions of *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. filed July 14, 2014), *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480 (9th Cir. filed Dec. 17, 2014), and *Kosta v. Del Monte Foods, Inc.*, No. 15-16974 (9th Cir. filed Oct. 2, 2015), which will address many of the same legal and factual issues that this Court will face in evaluating class certification arguments and proof of alleged damages. This motion is made pursuant to the Court's inherent power to stay a case pending the resolution of independent proceedings that may bear on the case before the Court.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points of Authorities, matters subject to judicial notice, and on other written and oral argument that the Court may entertain.

Dated: June 7, 2016                    LINER LLP


By:  ___/s/ Nathan M. Davis___
     Angela C. Agrusa
     Wendy S. Dowse
     Nathan M. Davis
     Attorneys for Defendant  Wallaby Yogurt
     Company, Inc.

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

# **TABLE OF CONTENTS**

Page

I.    Introduction .................................................................................................. 1

II.   Background.................................................................................................... 3

      A.    Procedural History and Plaintiffs' Specious Allegations. ...................... 3

      B.    The Cases Pending Before the Ninth Circuit.......................................... 5

            1.    *Jones v. ConAgra.*........................................................................... 5

            2.    *Brazil v. Dole.* ................................................................................ 6

            3.    *Kosta v. Del Monte.*........................................................................ 6

            4.    Role of Plaintiffs' Counsel In These Cases. ................................... 7

III.  Legal Standard.............................................................................................. 7

IV.   This Case Should Be Stayed. ....................................................................... 8

      A.    A Stay Will Promote the Orderly Course of Justice.............................. 8

      B.    The Parties Will Almost Certainly Suffer Hardship if the Case Is
            Not Stayed.............................................................................................. 9

      C.    Plaintiffs Will Not Suffer Hardship if the Case Is Stayed. .................. 10

V.    Conclusion.................................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

## CASES

*Allen v. ConAgra Foods, Inc.*,
No. 3:13-cv-01279 (N.D. Cal. Feb. 20, 2015) ..................................................2

*Alvarez v. T-Mobile USA, Inc.*,
2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010)...........................................10

*Astiana v. Hain Celestial Grp., Inc.*,
No. 11-cv-6342 (N.D. Cal. Oct. 9, 2015)............................................................2

*Brazil v. Dole Food Co., Inc.*,
2013 WL 5312418, at *8-*9 (N.D. Cal. Sept. 23, 2013) ...................................6

*Brazil v. Dole Packaged Foods, LLC*,
2014 WL 5794873, at *1-*2 (N.D. Cal. Nov. 6, 2014) ......................................6

*Brazil v. Dole Packaged Foods, LLC*,
2014 WL 6901867, at *5-*7 (N.D. Cal. Dec. 8, 2014 .........................................6

*Brazil v. Dole Packaged Foods, LLC*,
No. 14-17480 (9th Cir. filed Dec. 17, 2014)...................................................1, 6

*CMAX, Inc. v. Hall*,
300 F.2d 265, 268 (9th Cir. 1962).....................................................................7

*Comcast Corp. v. Behrend*,
133 S. Ct. 1426 (2013) ......................................................................................6

*Gustavson v. Mars, Inc.*,
2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ......................................2, 10, 11

*Jones v. ConAgra Foods, Inc.*,
2014 WL 2702726, at *1 (N.D. Cal June 13, 2014) ..........................................5

*Jones v. ConAgra Foods, Inc.*,
No. 14-16327 (9th Cir. filed July 14, 2014)......................................................1

*Kane v. Chobani, Inc.*
2013 WL 5289253, *6-*8 (N.D. Cal. Sept. 19, 2013) .......................................4

*Kosta v. Del Monte Foods, Inc.*,
308 F.R.D. 217 (N.D. Cal. 2015) .......................................................................7

*Kosta v. Del Monte Foods, Inc.*,
No. 15-16974 (9th Cir. filed Oct. 2, 2015)........................................................1

*Landis v. N. Am. Co.*,
299 U.S. 248, 254 (1936) ...................................................................................7

*Leonhart v. Nature's Path Foods, Inc.*,
  2015 WL 3548212 (N.D. Cal. June 5, 2015) ...............................................2, 8

*Levya v. Certified Grocers of Cal., Ltd.*
  593 F.2d 857, 863-64 (9th Cir. 1979) .............................................................9

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098, 1110-12 (9th Cir. 2005) ......................................................11

*Mains v. Whole Foods Market, Inc.*,
  No. 5:12-cv-05652 (N.D. Cal. Apr. 18, 2016) .........................................2, 10

*Morgan v. Wallaby Yogurt Co., Inc.*,
  2014 WL 1017879, at *4 n.4 (N.D. Cal. Mar. 13, 2014) ...............................4

*Pardini v. Unilever U.S., Inc.*,
  2015 WL 1744340 (N.D. Cal. Apr. 15, 2015) .................................2, 3, 7, 10

*Parker v. J.M. Smucker Co.*,
  No 3:13-cv-00690 (N.D. Cal. Dec. 18, 2014) .........................................2, 10

*Romero v. Flowers Bakeries, LLC*,
  2016 WL 469370 (N.D. Cal. Feb. 8, 2016) ....................................................2

*Samet v. Kellogg Co.*,
  2015 WL 6954989 (N.D. Cal. Nov. 11, 2015) ...............................................2

*Swearingen v. ConAgra Foods, Inc.*,
  No. 3:13-cv-05322 (N.D. Cal. Jan. 9, 2015) .................................................2

*Thomas v. Costco Wholesale Corp.*,
  2015 WL 6674696 (N.D. Cal. Nov. 2, 2015) ......................................2, 5, 6, 9

*Wilson v. Frito-Lay N.A., Inc.*,
  2015 WL 4451424 (N.D. Cal. July 20, 2015) ...........................................2, 11

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    Introduction

This is a non-injury "private surgeon general" lawsuit, claiming that people were tricked into purchasing yogurt because "evaporated cane juice" ("ECJ") was listed as an ingredient in defendant Wallaby Yogurt Company, Inc.'s ("Wallaby") products.  The claim is not that any of the product labels misstated the ingredients or their amounts, but rather the term ECJ itself is misleading because, according to Plaintiffs Frank Morgan and Janet Hood (collectively, "Plaintiffs") (together with Wallaby, the "Parties"), ECJ really should be called "sugar."  Plaintiffs seek to represent a class of either all nationwide or all California purchasers of Wallaby's products that bore ECJ labels, but the Ninth Circuit is presently reviewing a number of issues whose resolution likely will define how cases like this one will move forward.  Three cases in particular—*Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. filed July 14, 2014) ("*Jones*"), *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480 (9th Cir. filed Dec. 17, 2014) ("*Brazil*"), and *Kosta v. Del Monte Foods, Inc.*, No. 15-16974 (9th Cir. filed Oct. 2, 2015) ("*Kosta*")—ask important questions at the heart of the food labeling litigation that has dominated this District for the past several years, including:

- How to meet the requirement of class ascertainability;
- What is the proper standard to assess damages;
- What proof is necessary to demonstrate damages classwide;
- Whether and under what circumstances causation (materiality and reliance) can be presumed classwide to demonstrate that common questions predominate the litigation;
- Whether rote violations of federal labeling regulations can give rise to strict liability for selling otherwise marketable foods; and
- Whether putative class representatives who are aware of the meanings of the labels they challenge have standing to seek injunctive relief.

The Judges of **this** District have stayed no fewer than **ten** food labeling cases in light of the appeals listed above, including at least **three** involving ECJ

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

allegations **<u>identical</u>** to those alleged in this case.[1]  In light of the discovery and

issues looming, this case similarly should wait for the Ninth Circuit's guidance

before proceeding.

 ***First***, no party will suffer hardship or inequity from a stay of this case.  Delay

by itself is not a hardship, and there is no plausible inequity in these circumstances

that could weigh against a stay.  The procedural posture of the cases on appeal—

which are briefed and awaiting argument—indicate that the Ninth Circuit will issue

its decisions in due course.  Additionally, "ECJ" has been removed from Wallaby's

labels; neither Plaintiffs nor putative class members could claim any potential

present or future harm stemming from the facts alleged in this lawsuit.

 ***Second***, the parties likely will suffer hardship in the form of waste if forced to

move forward with the Ninth Circuit's law on these issues poised for clarification or

---

[1] *Samet v. Kellogg Co.*, 2015 WL 6954989 (N.D. Cal. Nov. 11, 2015) (Grewal, J.) (granting stay in case involving ECJ allegations in light of *Jones*, *Brazil*, and *Kosta*); *Thomas v. Costco Wholesale Corp.*, 2015 WL 6674696 (N.D. Cal. Nov. 2, 2015) (Freeman, J.) (same, on plaintiff's motion, represented by Plaintiffs' counsel here); *Leonhart v. Nature's Path Foods, Inc.*, 2015 WL 3548212 (N.D. Cal. June 5, 2015) (Freeman, J.) (granting stay in case involving ECJ allegations in light of *Jones* and *Brazil*); *see also Mains v. Whole Foods Market, Inc.*, No. 5:12-cv-05652 (N.D. Cal. Apr. 18, 2016) (Davila, J.) (granting stay in "natural" labeling case in light of *Jones*, *Brazil*, and *Kosta* on plaintiff's motion, represented by Plaintiffs' counsel here); *Romero v. Flowers Bakeries, LLC*, 2016 WL 469370 (N.D. Cal. Feb. 8, 2016) (Freeman, J.) (granting in part and denying in part motion to dismiss and granting stay in "natural" case in light of *Jones* and *Brazil*); *Wilson v. Frito-Lay N.A., Inc.*, 2015 WL 4451424 (N.D. Cal. July 20, 2015) (Conti, J.) (granting stay in fat-content case in light of *Jones* and *Brazil*); *Pardini v. Unilever U.S., Inc.*, 2015 WL 1744340 (N.D. Cal. Apr. 15, 2015) (Conti, J.) (granting stay in fat-content case in light of *Jones*); *Astiana v. Hain Celestial Grp., Inc.*, No. 11-cv-6342 (N.D. Cal. Oct. 9, 2015) (Hamilton, J.) (granting stay in "natural" cosmetics case in light of *Jones* and *Brazil*)  *Allen v. ConAgra Foods, Inc.*, No. 3:13-cv-01279 (N.D. Cal. Feb. 20, 2015) (Gilliam, J.) (granting stay by stipulation in fat-content case in light of *Jones*); *Swearingen v. ConAgra Foods, Inc.*, No. 3:13-cv-05322 (N.D. Cal. Jan. 9, 2015) (granting stay by stipulation, signed by Plaintiffs' counsel, in fat-content case in light of *Jones*); *Parker v. J.M. Smucker Co.*, No 3:13-cv-00690 (N.D. Cal. Dec. 18, 2014) (Conti, J.) (*sua sponte* granting stay in "all natural" case in light of *Jones*); *Gustavson v. Mars, Inc.*, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) (Koh, J.) (granting stay in calorie-content case in light of *Jones*).

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1    revision. Nearly any ruling from the appeals court will jeopardize the finality of the

2    Court's rulings, call into question the scope of discovery and type of facts and

3    expert opinions that will be germane to this lawsuit, and undermine the strategic

4    decisions made on both sides of these issues. Absent a stay, both parties would

5    expend significant time and resources pursuing discovery to build the record and

6    brief issues of class certification, all the while knowing that the Ninth Circuit's

7    rulings could change the applicable law, forcing the parties to revisit—or even

8    redo—all of that work.

9        **Third**, for the same reasons, "failing to stay this case might . . . deal a severe

10   blow to judicial economy. Perhaps most importantly, *Jones* is very likely to

11   simplify questions of law that might well be dispositive to class certification in this

12   case." *Pardini*, 2015 WL 1744340, at *3. Accordingly, as discussed more fully

13   below, the Court should issue a stay in this case until the Ninth Circuit resolves

14   these questions by issuing decisions in *Jones*, *Brazil*, and *Kosta*.

15   **II.   Background.**

16       **A.   Procedural History and Plaintiffs' Specious Allegations.**

17       As part of a wave of dozens of nearly identical lawsuits against the food

18   industry, Plaintiffs filed this lawsuit on January 22, 2013, alleging that Wallaby

19   violated state and federal law by disclosing ECJ on its product labels. On October

20   4, 2013, Hon. William Orrick granted in part Wallaby's motion to dismiss the

21   complaint, and Plaintiffs filed the instant First Amended Complaint later that month.

22   (First Amended Complaint for Damages, Equitable and Injunctive Relief, ECF No.

23   35 (filed Oct. 23, 2013) (hereinafter "FAC").) Plaintiffs asserted six causes of

24   action: (1) unlawful business acts and practices under California's unfair

25   competition law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"); (2) unfair

26   business acts and practices under the UCL; (3) fraudulent business acts and practices

27   under the UCL; (4) misleading and deceptive advertising under California's false

28   advertising law, Cal. Bus. & Prof. Code §§ 17500, et seq. ("FAL"); (5) untrue

advertising under the FAL; and (6) the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA"). (FAC ¶¶ 147-204.) Plaintiffs also seek to certify the following class:

> All persons in the United States, or in the alternative, all persons in the state of California who, within the last four years, purchased Defendant's Yogurt Products labeled with the ingredient, "Evaporated Cane Juice" or substantially identical term.

(FAC ¶ 136.) For remedies, Plaintiffs prayed for actual damages, an injunction, restitution, punitive damages, attorneys' fees and costs, pre- and post-judgment interest, and any other relief the Court finds just and proper. (FAC at Prayer, incorporating by reference Cal. Civ. Code § 1780).

Ruling on Wallaby's second motion to dismiss, Judge Orrick rejected Plaintiffs' attempts to turn a rote labeling issue into a strict liability case, finding that because the action sounded in fraud, Plaintiffs needed to plead and prove actual reliance on "ECJ" as disclosed in the products' ingredients lists. *Morgan v. Wallaby Yogurt Co., Inc.*, 2014 WL 1017879, at *4 n.4 (N.D. Cal. Mar. 13, 2014). Judge Orrick also found that because Plaintiffs now know what ECJ is—regardless of what they may have thought it was in making prior purchases—they do not have standing to pursue injunctive relief for themselves or in any representative capacity. *Id.* at *5-*6. Otherwise, he permitted the case to move forward, even though he noted that at least one other case found "virtually identical" allegations of reliance on ECJ labels completely implausible. *Id.* at *5, *citing Kane v. Chobani, Inc.* 2013 WL 5289253, *6-*8 (N.D. Cal. Sept. 19, 2013) (Koh, J.) *vacated on other grounds by Kane v. Chobani, Inc.*, — F. App'x —, 2016 WL 1161782 (9th Cir. March 24, 2016). Importantly, in Judge Orrick's analysis of the standing issue, he relied on the district court's decision of *Brazil v. Dole Food Co., Inc.*, that is currently on appeal with the Ninth Circuit. *Morgan*, 2014 WL 1017879, at *4.

On June 27, 2014, Wallaby moved the Court to reconsider its declination to stay or dismiss the case under the primary jurisdiction doctrine, in light of new

LiNER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

Federal Food & Drug Administration ("FDA") action directly addressing ECJ labeling. (ECF No. 64.) The Court granted the motion for reconsideration and stayed the case on November 5, 2014. (ECF No. 72.) The stay remained in place until January 13, 2016, when the Court acknowledged that FDA's process was taking longer than expected. Shortly thereafter, FDA issued *Ingredients Declared as Evaporated Cane Juice: Guidance for Industry* in May 2016. That guidance document does not address or mitigate the issues that the Parties face on class certification or remedies that are at the heart of the cases on appeal (discussed below), and no court that has stayed a case pending those resolutions has lifted the stay because of FDA's action regarding ECJ.

Wallaby manufactures and sells organic yogurt products. During the relevant period, it has had dozens of SKU's bearing different labels, which changed at many different times.

### B. The Cases Pending Before the Ninth Circuit.

#### 1. *Jones v. ConAgra.*

The *Jones* plaintiffs challenged several labeling claims—including nutrient content claims, antioxidant claims, and preservative-free claims—as unlawful, unfair, and fraudulent violations of the UCL; misleading, deceptive, and untrue advertising under the FAL; and violations of the CLRA. *Jones v. ConAgra Foods, Inc.*, 2014 WL 2702726, at *1 (N.D. Cal June 13, 2014). The plaintiffs' motions for class certification "were denied because the class was not ascertainable because products and labels changed over time, individual questions predominated over common questions, the proposed damages models failed, and [t]he plaintiffs did not have standing for a Rule 23(b)(2) class . . . ." *Thomas*, 2015 WL 6674696, at *1. The appeal of this ruling has been fully briefed and is being considered for the September 2016 oral argument calendar. No. 14-16327, D.E. 71 (9th Cir. May 17, 2016).

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

### 2. *Brazil v. Dole.*

The *Brazil* plaintiffs challenged frozen fruit and fruit cups as mislabeled because they bore "natural" labels even though they contained ingredients that did not seem natural to the plaintiffs, thus constituting unlawful, unfair, and fraudulent business practices under the UCL; misleading, deceptive, and untrue advertising under the FAL; and violations of the CLRA. *Brazil v. Dole Packaged Foods, LLC*, 2014 WL 5794873, at *1-*2 (N.D. Cal. Nov. 6, 2014). The district court decertified the damages class of California purchasers because the plaintiffs' "price premium," "full refund," and "regression" damages models failed to show that common issues would predominate the litigation, as required by *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013). *Id.* at *2, *14. The district court also entered summary judgment for Dole, finding that the plaintiffs failed to present sufficient evidence that the "all natural" labels were likely to mislead or evidence that the challenged portion of the label was material to consumer purchase decisions classwide. *Brazil v. Dole Packaged Foods, LLC*, 2014 WL 6901867, at *5-*7 (N.D. Cal. Dec. 8, 2014. All of these rulings are on appeal, as well as the district court's dismissal of the plaintiffs' "illegal product" theory, which is the same strict liability theory that Judge Orrick rejected in this case. *Brazil v. Dole Food Co., Inc.*, 2013 WL 5312418, at *8-*9 (N.D. Cal. Sept. 23, 2013). The appeal is fully briefed and is currently being considered for the September 2016 oral argument calendar, before the same panel of judges that will decide *Jones*. No. 14-17480, D.E. 38 (9th Cir. May 17, 2016).

### 3. *Kosta v. Del Monte.*

The *Kosta* plaintiffs challenged nutrient content and antioxidant claims on more than two dozen products and also claimed that Del Monte failed to disclose certain preservatives and chemicals. "The plaintiffs alleged the same six causes of action as the other cases on appeal" and as are alleged in this case. *Thomas*, 2015 WL 6674696, at *2. The district court entertained three motions for class certification, but the plaintiffs were unable to show how different labels across many

different products could give rise to common questions that predominate the litigation or yield a class that could be ascertained in an administratively feasible way. *Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217 (N.D. Cal. 2015). Specifically, the district court rejected the plaintiffs' proposal to identify class members by affidavit and found insufficient evidence showing that the challenged labeling claims were material across class members. *Id.* at 227-30. The parties have submitted their briefs for this appeal, but oral argument has yet to be scheduled. *See* Dkt., No. 15-16974 (9th Cir.).

### 4. Role of Plaintiffs' Counsel In These Cases.

Plaintiffs' counsel, Ben F. Pierce Gore of Pratt & Associates, represents the plaintiffs in all of these cases. They, along with this case, constitute a few of the more than fifty food labeling cases that Mr. Gore filed in close succession in 2012 and 2013.

## III. <u>Legal Standard.</u>

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering whether a stay is warranted, three factors govern: (1) the possible damage that may result in granting a stay; (2) the hardship that a party may suffer in being required to proceed; and (3) whether granting a stay will promote the orderly course of justice, simplifying or complicating issues, proof, and questions of law. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), citing *Landis*, 299 U.S. at 254-55 (the "*Landis* Factors"). Where substantial litigation is likely to take place during the pendency of appeal, courts have granted a stay in order to conserve everyone's resources. *See Pardini v. Unilever U.S., Inc.*, 2015 WL 1744340, at *3 (N.D. Cal. Apr. 15, 2015) (Conti, J.) (granting a stay in a consumer labeling class action because "failing to stay this case might result in hardship to both parties and deal a severe blow to judicial economy. Perhaps most importantly, *Jones* is very

1  likely to simplify questions of law that might well be dispositive to class

2  certification in this case").

3  **IV.**   **This Case Should Be Stayed.**

4       **A.**   **A Stay Will Promote the Orderly Course of Justice.**

5       "[I]t cannot be disputed that guidance from the Ninth Circtuit would aid in the

6  orderly, just resolution of this case." *Leonhart*, 2015 WL 3548212, at *4 (referring

7  to *Jones* and *Brazil*'s potential to affect a case involving virtually identical ECJ

8  claims).  The Ninth Circuit is likely to provide guidance directly affecting the law

9  governing this case when it decides *Jones*, *Brazil*, and *Kosta*.  These issues include:

10  (i) how the ascertainability rule can be met in food branding cases; (ii) how to

11  measure damages in food misbranding cases, whether that be "disgorgement" (the

12  measure associated with Plaintiffs' strict liability theory) or "price premium" (the

13  measure that may accompany theories of reliance); (iii) what proof of classwide

14  damages is necessary for class certification under *Comcast*; and (iv) whether and in

15  what circumstances reliance on and materiality of food labeling claims can be

16  presumed across a class of absent consumers.  All of these issues await the Parties in

17  this case as they prepare discovery and arguments for the class certification stage,

18  and in light of the Ninth Circuit's review of them, the law is uncertain.

19       Additionally, some of the issues that already have been decided in this case

20  are susceptible to reversal in these appeals, including whether Plaintiffs' strict

21  liability allegations are viable, as well as whether Plaintiffs have standing to seek

22  injunctive relief.  The further litigation continues in reliance on these decisions

23  while the issues at their heart are on appeal, the greater the risk that the parties and

24  the Court will have to backtrack in the event the Ninth Circuit disagrees with the

25  law of this case.

26       It is possible that the Ninth Circuit's decisions will not necessarily dictate all

27  of these issues' outcomes in this case, but because there is a high likelihood of

28  impending guidance, a stay is still appropriate. *See Levya v. Certified Grocers of*

1  *Cal., Ltd.* 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety,

2  find it is efficient for its own docket and the fairest course for the parties to enter a

3  stay of an action before it, pending resolution of independent proceedings which

4  bear upon the case.  This rule . . . does not require that the issues in such

5  proceedings are necessarily controlling for the action before the court").  While it is

6  impossible to predict the precise effect of the Ninth Circuit's forthcoming rulings,

7  these appeals most likely will have an effect on discovery, motion practice, and the

8  manner in which the parties prepare for summary judgment and trial.  Because

9  "[t]he Ninth Circuit's decisions in *Jones*, *Brazil*, and *Kosta* are likely to provide

10  substantial guidance on issues material to the class certification issues in the instant

11  case . . . [,] this factor weighs heavily in favor of a stay." *Thomas*, 2015 WL

12  6674696, at *3 (case involving virtually identical ECJ claims).

13      **B.**    <u>**The Parties Will Almost Certainly Suffer Hardship if the Case Is**</u>

14          <u>**Not Stayed**</u>.

15        This case is in the early stages of discovery.  *See* Case Mgmt. Scheduling

16  Order, ECF No. 86 (Jan. 29, 2016).  Due to the nature of Plaintiffs' claims, both

17  sides are facing considerable expenditures of time and resources to build the factual

18  record for the class certification stage.  Plaintiffs have served extensive discovery

19  requests, including sweeping requests for production of documents, more than two-

20  dozen invasive interrogatories, a deposition notice seeking testimony on no fewer

21  than eleven subject matters, and requests for admission.  Wallaby similarly will need

22  to take depositions and serve discovery, and both sides will need to retain experts to

23  opine on matters ranging from damages to consumer perceptions.  But as discussed

24  above, the Ninth Circuit may change the applicable law and the requirements for the

25  factual record that the parties must develop to proceed to class certification and

26  beyond.  Additionally, based on the timing of contemplated oral arguments in *Jones*

27  and *Brazil*, it is possible that the Ninth Circuit's rulings could come down while the

28  Court is considering the parties' briefs on class certification or shortly thereafter.

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1    Accordingly, the *Jones*, *Brazil*, and *Kosta* decisions "would precipitate another

2    round of class certification or decertification motions and a re-opening of discovery

3    . . . ." *Gustavson*, 2014 WL 6986421, at *3. "This is particularly true because the

4    issues identified above—ascertainability, predominance, and standing—are central

5    to both sides' arguments on class certification." *Parker*, Slip op. at 2. Additionally,

6    re-briefing class certification also could mean re-opening discovery issues and re-

7    deposing fact and expert witnesses. This would constitute "significant and

8    potentially unnecessary hardship if [the Parties were] compelled to proceed."

9    *Gustavson*, 2014 WL 6986421, at *4; *see also Alvarez v. T-Mobile USA, Inc.*, 2010

10   WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010) ("It would be burdensome for both

11   parties to spend time, energy, and resources on pretrial and discovery issues, only to

12   find those issues moot within less than a year."). Thus, this *Landis* factor weighs in

13   favor of a stay.

14           C.    **Plaintiffs Will Not Suffer Hardship if the Case Is Stayed.**

15           The final *Landis* factor weighs in favor of a stay. Procedural delays, as long

16   as they are reasonable, do not constitute hardship sufficient to deny a stay. *See*

17   *Pardini*, 2015 WL 1744340, at *1. In a case like this one, where the Parties are at

18   an early stage of discovery, and because the Ninth Circuit's decisions "may well

19   cause the parties to change their factual and legal theories on class certification and

20   alter the discovery necessary to present their arguments," "declining to stay this case

21   might ultimately result in an even longer delay and more hardship for the parties."

22   *Id.* at *2. Moreover, any stay would not be indefinite. "[T]here is no reason to

23   believe the Ninth Circuit would not process the appeals in a timely fashion, such

24   that any delay would not be an unreasonable one." *Mains*, Slip op. at 4. All three

25   appeals are briefed and two are in the process of scheduling oral arguments. Under

26   these circumstances, and given the important issues under appellate review, any

27   procedural delay would be reasonable.

28

LINER LLP

1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

Plaintiffs will not be able to point to any other prejudice that could result from a stay. There are no facts that could indicate that a delay would cause harm to the case's merits or result in the loss of evidence. *See Wilson*, 2015 WL 4451424, at *2 (finding no real hardship in granting a stay in a similar labeling case). Plaintiffs now know what ECJ is and cannot allege that continued sales of Wallaby's products would mislead them while the case is stayed—especially since "ECJ" was removed from Wallaby's product labels several years ago. Additionally, mere delay in monetary recovery—the only remedy available to Plaintiffs after the Court found they do not have standing for injunctive relief—is not a sufficient basis to deny a stay. *See Gustavson*, 2014 WL 6986421, at *3, citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-12 (9th Cir. 2005).

## V.    <u>Conclusion.</u>

Courts in this District have repeatedly granted stays in putative food labeling class actions just like this one for very sound reasons. In order to protect the Court's decisions and conserve the Parties' and judicial resources, Wallaby respectfully requests that this case be stayed pending the Ninth Circuit's resolution of *Jones*, *Brazil*, and *Kosta*.


Dated:  June 7, 2016                    LINER LLP



                                        By:    */s/ Nathan M. Davis*
                                               Angela C. Agrusa
                                               Wendy S. Dowse
                                               Nathan M. Davis
                                               Attorneys for Defendant Wallaby Yogurt
                                               Company, Inc.

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

## <u>CERTIFICATE OF SERVICE</u>

I, Nathan M. Davis, hereby certify that a true and correct copy of the foregoing was served via the Court's ECF system upon all counsel of record on this the 7th day of June, 2016.


*/s/ Nathan M. Davis*
Nathan M. Davis

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518