Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Fax: (408) 369-0752
pgore@prattattorneys.com

Darren L. Brown *(pro hac vice)* (TX SBN 03108350)
PROVOST ✶ UMPHREY LAW FIRM
490 Park Street
Beaumont, TX 77701
Telephone: (409) 838-8881
Fax: (409) 813-8630
dbrown@pulf.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANK MORGAN and JANET HOOD, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALLABY YOGURT COMPANY, INC.,<br><br>Defendant. | Case No. CV 13-0296-JD<br><br>**PLAINTIFFS' STATEMENT OF NONOPPOSITION TO RELIEF SOUGHT IN RESOPONSE TO DEFENDANT'S MOTION TO STAY**<br><br>Hearing Date: July 13, 2016<br>Time: 9:30 a.m.<br>Courtroom: 211 -19[th] Floor<br>Judge: Hon. James Donato<br>Action Filed: January 22, 2013 |

.

PLAINTIFFS' STATEMENT OF NONOPPOSITION TO MOTION TO STAY
Case No. CV 13-0296-JD

## STATEMENT OF NONOPPOSITION

Plaintiffs Frank Morgan and Janet Hood do not oppose the relief sought in Defendant Wallaby Yogurt Company, Inc.'s motion to stay. Plaintiffs' statement of nonoppoisition extends only to the relief sought—*i.e*., a brief stay while the Ninth Circuit considers the appeals in *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. filed July 14, 2014), *Brazil v. Dole Packaged Foods, LLC*, No. 14-17480 (9th Cir. filed Dec. 17, 2014), and *Kosta v. Del Monte Foods, Inc.*, No. 15-16974 (9th Cir. filed Oct. 2, 2015). As set out below, Plaintiffs' nonopposition should not be taken as acquiescence in the tone of Defendants' motion or in Defendant's characterization of the cases cited in the motion or in Defendant's assertions regarding how they relate to this case, or really pretty much anything Defendant asserts in its motion apart from the argument that a stay pending the Ninth Circuit's disposition of *ConAgra*, *Dole*, and *Del Monte*, would be appropriate.

## DISCUSSION

Defendant starts with a disparaging reference to this suit as a "'private surgeon general' lawsuit." While Defendant is no doubt self-satisfied with its own cleverness calling the Northern District of California the "food court", this really does not add anything to the argument for a stay, and is among the things that prevent Plaintiffs from simply filing an unqualified statement of nonopposition.

Defendant also insists on referring to Plaintiffs' allegations as "specious," apparently on the theory that the Ninth Circuit vacated Judge Koh's order dismissing the plaintiffs' claims in *Kane v. Chobani, Inc*., 973 F. Supp. 2d 1120 (N.D. Cal., 2014), because Judge Koh got it right (and Judge Orrick, in rejecting Judge Koh's analysis while this case was assigned to him, got it wrong). Defendant asserts that Judge Koh's order was "vacated on other grounds" in *Kane v. Chobani, LLC*, No. 14-15670, 2016 U.S. App. LEXIS 5517 (9th Cir. March, 24, 2016), but fails to explain how it determined the grounds on which Judge Koh's order was vacated. The Ninth Circuit's memorandum did not address *any* of the issues raised in the briefs, and did not provide *any* explanation for why Judge Koh's order was vacated. Instead, the court addressed what was

to happen after the order was vacated and the case remanded back to the district court. All the court said is that once the case was back in the district court, it should be stayed under the primary jurisdiction doctrine pending certain anticipated actions from the FDA.[1]

While the Ninth Circuit did not give its reasons, the fact that it vacated the district court's order necessarily means, at a bare minimum, that the Ninth Circuit rejected Judge Koh's determination that the plaintiffs had not adequately alleged reliance. Otherwise, it would have simply affirmed, and there would be no reason even to consider the primary jurisdiction issue. If the Ninth Circuit's decision in Chobani reveals anything as "specious," it is Defendant's assertion that Plaintiffs allegations of reliance are insufficient.

As *Chobani* illustrates, there is no guarantee that the Ninth Circuit will write an opinion that addresses the issues on appeal, and it is conceivable that *ConAgra*, *Dole*, and *Del Monte*, will just produce non-precedential memoranda that provide little, if any, explanation for the court's ruling. Nevertheless, there is at least the potential that the Ninth Circuit will issue an opinion in one or more of these cases that would give the parties a clearer idea of how the case should proceed, especially as it regards proof of damages and class certification issues.

## CONCLUSION

For the foregoing reasons, Plaintiffs do not oppose a stay in this case while the Ninth Circuit considers the appeals in *ConAgra*, *Dole*, and *Del Monte*.

---

[1] In *Chobani*, the plaintiffs alleged that Chobani's labels were unlawful and misleading because they used the term "evaporated cane juice" on the ingredient list to conceal the fact that the ingredient was actually added sugar, and improperly labeled the products as "natural" when they contained artificial ingredients. The Ninth Circuit said that because there were "ongoing FDA proceedings regarding the terms 'natural' and 'evaporated cane juice,'" the actions should be stayed pending the FDA's resolution of these proceedings. *See Kane v. Chobani, LLC*, 2016 U.S. App. LEXIS 5517 at *3-4. This case does not involve "natural" claims, and on May 25, 2016, the FDA issued the final version of its "Guidance for Industry: Ingredients Declared as Natural Cane Juice," in which it reaffirmed its longstanding position that the use of "evaporated cane juice" on food ingredient lists is an illegal and misleading way to describe sugar.

Dated: June 21, 2016

Respectfully submitted,

/s/ *Darren L. Brown*
Darren L. Brown (*pro hac vice*)
PROVOST UMPHREY LAW FIRM, LLP
490 Park St.
Beaumont, TX 77701
(409) 835-6000
dbrown@pulf.com

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
(408) 429-6506
pgore@prattattorneys.com